IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLIE WEST,

        Plaintiff,        Civil No. 04-723-HA

        v.        OPINION
            AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

Bruce W. Brewer
P.O. Box 1597
Oregon City, Oregon 97045
    Attorney for Plaintiff

Karin J. Immergut

1 - OPINION AND ORDER

United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204

Thomas M. Elsberry
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
       Attorneys for Defendant

HAGGERTY, Chief Judge:

Pursuant to § 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), plaintiff seeks judicial review of the final administrative decision denying his applications for disability insurance benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI.

For the reasons provided below, the court concludes that the Administrative Law Judge's (ALJ) decision is not supported by substantial evidence nor free from legal error. Accordingly, the decision of the ALJ and the Commissioner is reversed and this case is remanded for further proceedings.

**ADMINISTRATIVE HISTORY**

Plaintiff protectively filed for DIB[1] and SSI on June 12, 2001. He alleges he became disabled beginning October 10, 2000, due to lower back pain, left shoulder pain, and kidney problems. The applications were denied initially and upon reconsideration. A hearing

---

[1] Plaintiff's last date insured for purposes of determining eligibility for DIB was September 30, 2001.

before an ALJ was held on February 27, 2003. On May 7, 2003, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *See* 20 C.F.R. §§ 416.1481, 422.210. On May 7, 2004, plaintiff filed a Complaint in this court for judicial review.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time of the hearing, plaintiff was thirty-two years old and had completed the eleventh grade. His past relevant employment history includes work as a janitor, cook, gas station attendant, newspaper delivery person, and construction demolition crew worker.

Plaintiff's medical records reveal that he injured his back on March 5, 2001 when he slipped. He was admitted to the emergency room and later released with pain medication. He returned three days later with complaints of increasing pain radiating to his right leg and numbness of his right leg. He was diagnosed with lower back pain and was provided additional pain medication.

Plaintiff reported to his primary care physician, Dr. Joseph Black, M.D., on March 12, 2001, complaining of back pain with tingling of both big toes. An MRI revealed mild degenerative changes with mild foraminal stenosis at L4-5 and L5-S1. Dr. Black prescribed pain medications to plaintiff and recommended physical therapy and use of a TENS unit.

A second MRI in May 2001 showed mild degenerative changes with neural foraminal narrowing at L3-4, L4-5, and L5-S1. Plaintiff reported some improvement of symptoms but that he continued to suffer from persistent back pain.

On September 26, 2001, Dr. William Carr, M.D., evaluated plaintiff and noted some muscle spasm in his lumbar spine and decreased forward bending and extension range. Plaintiff reported that his back pain was at a level six on a scale of one to ten and that nothing alleviated the pain. Doctor Carr diagnosed plaintiff with lumbar radicular syndrome and early degenerative disk disease.

In November 2001, plaintiff sought medical assistance for complaints of increased shoulder pain. Plaintiff was diagnosed with left subacromial impingement versus bursitis and was provided medication and instructed in stretching and strengthening exercises. Three months later, in January 2002, Dr. William Dickinson, M.D., evaluated plaintiff and opined that plaintiff had likely torn the anterior joint capsule in his left shoulder or otherwise significantly stretched it. He recommended surgery.

Also in January 2002, plaintiff returned to Dr. Black concerning continued back pain. Plaintiff reported that his plan of medications and a TENS unit had reduced his pain. However, in March 2002, plaintiff still suffered back pain and Dr. Black prescribed methadone. Plaintiff underwent left shoulder anterior and posterior capsular shrinkage surgery in April 2002.

In August 2002, plaintiff reported continued left shoulder and neck pain. Doctor Paul Puziss, M.D., evaluated plaintiff in September 2002, at which time plaintiff reported severe anterior shoulder pain and problems elevating his arm overhead and stated that his pain was aggravated by reaching, lifting, pulling, pushing, twisting, and carrying. Doctor Puziss

diagnosed chronic or recurrent left shoulder internal derangement and recommended additional surgery.

Plaintiff underwent an arthroscopic left scapulothoracic bursectomy on January 6, 2003. After surgery, plaintiff continued to report pain in his left shoulder and Dr. Puziss diagnosed chronic left shoulder impingement and recommended physical therapy.

## QUESTION PRESENTED

The issue in this case is whether the ALJ's decision is supported by substantial evidence and free from legal error. Specifically, plaintiff asserts that the ALJ erred in: (1) improperly rejecting the testimony of his wife, Penny West (West); (2) improperly rejecting plaintiff's own testimony; (3) improperly rejecting Dr. Black's opinion; and (4) failing to pose a full and complete hypothetical question to the vocational expert (VE). Because the court finds that the ALJ failed to properly reject West's testimony, Dr. Black's opinion, and failed to pose a proper hypothetical question, the court need not address plaintiff's additional arguments regarding the rejection of his own testimony.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A person can be disabled for these purposes only if his or her impairment is "of such severity that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (DIB). The Commissioner bears the burden of developing the record. 20 C.F.R. §§ 404.1512(d), 416.912(d); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for disability benefits. 20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456 (9th Cir. 1988) (SSI). If a determination that the claimant is, or is not, disabled can be made at any step, further review is unnecessary. 20 C.F.R. § 404.1520 Below is a summary of the five steps:

<u>Step One</u>. The Commissioner determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. If the claimant is not working in a substantially gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 416.920(a)-(b).

<u>Step Two</u>. The Commissioner determines whether the claimant has a severe mental or physical impairment. If not, the claimant is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 416.920(c).

<u>Step Three</u>. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of

the impairments listed in the Social Security Administration regulations. 20 C.F.R. pt.404, subpt.P, app. 1. If so, the claimant is disabled. If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

<u>Step Four</u>. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. The ALJ examines the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A claimant must be able to perform his or her past relevant work either as actually performed, or as generally performed in the national economy. 20 C.F.R. § 416.920(e). If the claimant is able to perform the work, the claimant is not disabled. If the claimant demonstrates, however, that he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds to Step Five. *Id.*

<u>Step Five</u>. The Commissioner determines whether the claimant is able to do any other work. If not, the claimant is disabled. If the Commissioner finds the claimant is able to do other work, the Commissioner must show a significant number of jobs in the national economy exist that the claimant can perform. The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines. 20 C.F.R. pt.404, subpt.P, app.2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can perform, the claimant is not disabled. If

the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(f).

The burden of proof is on the claimant as to Steps One through Four. *Tackett*, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett,* 180 F.3d at 1098, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence and make credibility determinations, and the Commissioner's decision must be upheld even if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). Even if the Commissioner's decision is supported by substantial evidence, it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

**DISCUSSION**

At Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity since at least the alleged disability onset date of October 10, 2000. At Step Two, the ALJ found that plaintiff has impairments that cause significant, vocationally relevant limitations. At Step Three, the ALJ found that plaintiff has no impairment or combination of impairments that meets or equals the criteria of any listed impairment. The ALJ then proceeded to Step Four and considered plaintiff's residual functioning capacity and determined that plaintiff can lift and carry no more than twenty pounds occasionally, with no sitting or standing for prolonged periods. Plaintiff's left shoulder impairment limits his use of his left arm and shoulder for work activities. He can lift with his left dominant arm no more than ten pounds occasionally and less than ten pounds frequently. He is limited in his ability to reach with his left arm, although all reaching is not precluded. With this functioning capacity assessment, the ALJ found at Step Five that plaintiff cannot perform work he has done in the past but is able to perform other jobs that exist in significant numbers in the national economy and, therefore, is not disabled within the parameters of the Act.

<u>The ALJ improperly rejected plaintiff's wife's testimony</u>

The ALJ must consider observations by non-medical sources as to how an impairment affects a claimant's ability to work. 20 C.F.R. § 404.1531(e)(2). Descriptions by family members in a position to observe a claimant's symptoms and daily activities are accepted as competent evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)

(citations omitted); *see also* SSR 88-13 (requiring the ALJ to give "full consideration" to lay witness testimony). To reject a lay witness's testimony, the ALJ must provide reasons germane to that witness. *Smolen*, 80 F.3d at 1288 (9th Cir. 1996).

West testified that plaintiff is unable to do chores because he cannot use his arms or bend and that he is frequently agitated and experiences constant pain in his lower back and left shoulder and sometimes in his neck. He does not shop, go to movies, or go out to eat or to visit. He spends most of the day in bed and watching television.

The ALJ rejected this testimony: "[T]he close relationship between the claimant and her husband cannot be entirely ignored in deciding how much weight to accord them." AR 21. This is an insufficient reason for disregarding lay witness testimony.

In *Smolen*, the ALJ rejected testimony elicited from family members, explaining that they were advocates and biased. 80 F.3d at 1289. The Ninth Circuit Court of Appeals rejected this explanation stating, "The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony. To the contrary, testimony from lay witnesses who see the claimant every day is of particular value . . . ." *Id.* (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

West's testimony related directly to the ALJ's residual functioning capacity determination that was in turn used to craft the hypothetical question posed to the VE. Therefore, as explained further below, upon remand the ALJ is directed to refine any hypothetical questions to include a more comprehensive residual functioning capacity determination that gives proper weight and consideration to West's testimony.

//

The ALJ improperly rejected Dr. Black's medical opinion

Greater weight should be afforded to a treating physician's opinion because he or she is in a better position to know and observe the claimant on a regular and sustained basis. *Sprague*, 812 F.2d at 1230. The ALJ may still reject the treating physician's opinion but the ALJ must provide clear and convincing reasons supported by substantial evidence in the record for doing so if the opinion is uncontradicted. *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir. 1989).

Dr. Black opined that plaintiff is unable to sustain sedentary work and that he has not been able to do so since at least September 2001. He further opined that it was "medically reasonable" that plaintiff would miss work more than two days per month. AR 265. The ALJ rejected Dr. Black's opinion stating that it was provided on a check-the-box form submitted by plaintiff's attorney and consisted of a series of conclusions made by plaintiff's attorney that asked for Dr. Black's acquiescence. The ALJ also noted Dr. Black's lack of significant objective findings that could support his opinion and the fact that Dr. Black signed it after the hearing.

Although the court agrees with the Commissioner that an ALJ may properly reject a treating physician's opinion that is brief and conclusory, *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986), the court is unconvinced that this was the primary reason that the ALJ rejected Dr. Black's opinion. Although check-the-box medical opinions may be disfavored,

*see Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001), they still may not be rejected absent clear and convincing reasons.

Dr. Black's opinion was elicited in a standardized form that asked for his agreement to certain statements of plaintiff's attorney. Unlike a letter where Dr. Black could have used his own words to explain and expound his opinion, Dr. Black was restricted to either agreeing to plaintiff's counsel's questions or denying them. Agreeing with them, Dr. Black then attempted to offer brief explanations, including referring to objective medical test results, in support thereof. Contrary to the ALJ's statement that Dr. Black's opinion was not supported by objective medical findings, Dr. Black tried to provide the bases for his opinions. The ALJ failed to provide convincing reasons for rejecting these opinions. If the ALJ was confused about the bases of Dr. Black's opinion, he had a duty to conduct an appropriate inquiry about them. *See Smolen*, 80 F.3d at 1288 (citing 42 U.S.C. § 405(d); 20 C.F.R. § 404. 950(d); 20 C.F.R. § 404.1527(c)(3)). In addition, the fact that Dr. Black did not sign the form until after the hearing is inconsequential and provides no acceptable basis for rejecting his opinion.

<u>The ALJ failed to pose a proper and complete hypothetical question to the VE</u>

To have evidentiary value, the hypothetical question the ALJ poses to the VE must include all of the claimant's limitations. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988); *see also Sample v. Schweiker*, 694 F.2d 639, 643-44 (9th Cir. 1982) (as long as the hypothetical question is properly based on all relevant evidence, the VE testimony is valuable).

In the first hypothetical question the ALJ posed the following limitations were described to the VE: an individual who is capable of lifting and carrying twenty pounds occasionally and ten pounds frequently; with his left dominant arm, the claimant is not able to carry more than ten pounds occasionally and less than ten pounds frequently; he must have a sit/stand option; he should only occasionally be required to reach overhead with the left dominant upper extremity and reach only occasionally; there should be no hazards and the work should be simple and repetitive type work.

The VE testified that such an individual could not perform plaintiff's past work but could perform other jobs such as a parking lot cashier or an inspector of electrical components.

The ALJ posed a second hypothetical question, modifying it to include an individual who would miss work on two or more occasions per month. The VE responded that such an individual could not maintain regular employment.

Plaintiff argues that the ALJ's first question was incomplete because it did not specify the frequency of the sit/stand option, did not incorporate the side effects of plaintiff's medications, and did not consider the evidence supported by West's testimony and Dr. Black's opinion.

The court finds that the ALJ was not required to specify the frequency of the sit/stand option, although this omission does make for less than a full and complete question. The court also rejects plaintiff's argument that the ALJ failed to include the side effects of his pain medication in the hypothetical question, because the ALJ specifically noted that "the

claimant's use of pain medication affects to some extent his ability to concentrate and therefore he is limited to simple repetitive type work, with the avoidance of work hazards." AR 21. However, the court finds that because the ALJ did not provide germane reasons for rejecting West's testimony about plaintiff's limitations and did not provide clear and convincing reasons for rejecting Dr. Black's opinion, these omissions in the hypothetical question rendered the question less than adequate. Plaintiff's limitations as described by West and Dr. Black should have formed a part of the ALJ's question to the VE. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (recognizing that the most appropriate way to insure the validity of the hypothetical questions is to base it upon evidence in the record, whether it is disputed or not).

Further proceedings are needed

It is within the court's discretion whether to remand for further proceedings or an award of benefits. *Holohan*, 246 F.3d at 1211 (citation omitted). Remanding for further proceedings is appropriate if the record is not fully developed and it is not clear from the record that the claimant is entitled to benefits. *Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. 1994). If, however, it is evident from the record that benefits should be awarded, remanding for further proceedings would only needlessly delay effectuating the primary purpose of the Act. *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted).

It is not evident from the record that an award of benefits would be appropriate. For that reason, the court remands this case for further proceedings not inconsistent with this opinion. On remand, the ALJ should conduct a supplemental hearing wherein (1) lay

testimony is received and fully and fairly addressed; (2) any evidence adduced from a treating physician is properly considered and fully addressed; and (3) following a proper evaluation and analysis of all of the evidence, a full and complete hypothetical question is presented to a VE, if hypothetical questions are deemed necessary.

## **CONCLUSION**

For the reasons set out above, this court concludes outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings specifically addressing the value and credibility of the testimony from plaintiff's spouse, the proper evaluation of Dr. Black's opinions, and the proper scope of the hypothetical questions posed to the VE, as identified in this Opinion and Order. *Harman*, 211 F.3d at 1178. In light of this remand, plaintiff and Commissioner should also attempt to develop the record more thoroughly regarding the extent of plaintiff's impairments, and plaintiff is allowed leave to present again those issues completely to the Commissioner.

Accordingly, pursuant to Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion.

IT IS SO ORDERED.

DATED this ___12___ day of September, 2005.

__/s/Ancer L.Haggerty_____

ANCER L. HAGGERTY
United States District Judge